

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 22, 2019.**



_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-50085-CAG |
| | § | |
| FIRST RIVER ENERGY, LLC, | § | CHAPTER 11 |
|     Debtor. | § | |

_____

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY | § | |
| AMERICAS, AGENT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 18-05015-CAG |
| | § | |
| FIRST RIVER ENERGY, LLC, Debtor-in-Possession; | § | |
| U.S. ENERGY DEVELOPMENT CORPORATION; | § | |
| AGERON ENERGY, LLC; PETROEDGE ENERGY IV, | § | |
| LLC; TEAL NATURAL RESOURCES, LLC; | § | |
| VICEROY PETROLEUM, LP; RLU OPERATING, | § | |
| LLC; DEWBRE PETROLEUM CORPORATION; | § | |
| JERRY C. DEWBRE, TRUSTEE; AMERICAN | § | |
| SHORELINE, INC.; TEXPATAPIPELINE COMPANY; | § | |
| AURORA RESOURCES CORPORATION; AWP | § | |
| OPERATING CO.; TEXRON OPERATING LLC; | § | |
| GALVESTON BAY OPERATING CO. LLC; | § | |
| MAGNUM PRODUCING, LP; MAGNUM | § | |
| ENGINEERING COMPANY; MAGNUM OPERATING | § | |
| LLC; ROCK RESOURCES, INC; KILLAM OIL CO., | § | |
| LTD.; AND ENERGY RESERVES GROUP, LLC, | § | |
|     Defendants. | § | |

### MEMORANDUM OPINION IN SUPPORT OF CERTIFICATION OF A DIRECT
### APPEAL TO THE FIFTH CIRCUIT COURT OF APPEALS

This Memorandum Opinion is issued in support of a Certification of a Direct Appeal to the United States Court of Appeals for the Fifth Circuit.

## STATUTORY AND RULE AUTHORITY

This certification is made pursuant to 28 U.S.C. § 158(d)(2).[1] This certification is governed by Fed. R. Bankr. P. 8006.[2]

## FACTS AND LAW ESTABLISHING THIS COURT'S AUTHORITY

Under Rule 8006, the matter that is the subject of a direct appeal is "pending" in the Bankruptcy Court for 30 days after the effective date under Rule 8002 of the first notice of appeal of the order for which direct review is sought. The Court finds as follows:

On March 7, 2019, the Court issued its Memorandum Opinion Granting, In Part and Denying, In Part Agent's Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment (ECF No. 114)[3] ("Memorandum Opinion") and its accompanying Order Granting, In Part and Denying, In Part Agent's Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment (ECF No. 113) (collectively, the "Summary Judgment Rulings"). On March 21, 2019, a Notice of Appeal (ECF No. 118) and Motion for Leave to Appeal (ECF No. 119) were filed by the following producers who are defendants in this case: U.S. Energy Development Corporation; Ageron Energy, LLC; Petroedge Energy IV, LLC; Teal Natural Resources, LLC; Crimson Energy Partners IV, LLC; Viceroy Petroleum, LP; RLU Operating, LLC; Dewbre Petroleum Corporation; Jerry C. Dewbre, Trustee; American Shoreline Inc.; Texpata Pipeline Company; Aurora Resources Corporation; AWP Operating Co.; Texron

---

[1] Hereinafter, all code sections refer to title 28 of the United States Code unless specifically noted otherwise.
[2] Hereinafter, all rules refer to the Federal Rules of Bankruptcy Procedure unless specifically noted otherwise.
[3] Hereinafter, all citations to documents filed on ECF refer to documents filed in this Court in Adversary No. 18-05015-CAG unless specifically noted otherwise.

Operating LLC; Magnum Producing, LP; Magnum Engineering Company; Magnum Operating LLC; Rock Resources, Inc.; Killam Oil Co., Ltd.; and Energy Reserves Group, LLC (collectively referred to hereinafter as "Producers").[4] The Notice of Appeal was timely filed under Rule 8002(a)(1), and March 21, 2019 is the "effective" date of the Notice of Appeal under Rule 8002(a). Producers' Notice of Appeal and Motion for Leave to Appeal were transmitted to the United States District Court for the Western District of Texas ("District Court") and assigned Case No. 19-cv-00301.

This Court held a status hearing on March 27, 2019 at which the Court requested the Parties' positions on certifying certain questions of law discussed in the Summary Judgment Rulings to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"). At the status hearing, the Court permitted the Parties to submit optional briefing regarding their positions on direct certification of questions of law addressed by the Summary Judgment Rulings.

After the status hearing, plaintiff Deutsche Bank Trust Company Americas, Agent ("Agent") filed Agent's Response to Producer Group Defendants' Motion for Leave to Appeal; Alternatively, Motion for Leave to Cross-Appeal (Case No. 19-cv-00301, ECF No. 2) on April 3, 2019 with the District Court that opposed Producers' request for leave to appeal and argued, in the alternative, that Agent should be allowed to cross-appeal the Summary Judgment Rulings if Producers' Motion for Leave to Appeal is granted. On April 5, 2019, this Court entered an Order Granting Agent's Motion to Extend Time to Appeal (ECF No. 126) permitting an extension of time under Rule 8002(d)(1) for Agent to file a notice of appeal to cross-appeal the Summary Judgment Rulings. On April 9, 2019, this Court entered an Order Granting Debtor's Joinder to Agent's Motion to Extend Time to File a Notice of Appeal (ECF No. 126), which also granted

---

[4] Intervenors RADCO Operations, L.P. and RHEACO, Ltd. did not appeal the Summary Judgment Rulings.

Debtor an extension of time to file a notice of appeal under Rule 8002(d)(1). Producers filed Producer Group Defendants' Statement of Issues and Designation of Record on Appeal on April 4, 2019 (ECF No. 123). Agent filed Agent's Statement of Issues on Appeal and Designation of Additional Items to be Included in the Record on Appeal Regarding Notice of Appeal at Docket Number 119 (ECF No. 131).

On April 16, 2019, Producers filed their Advisory and Statement of Producer Group Defendants in Support of the Court's Certification of Direct Appeal to the United States Court of Appeals for the Fifth Circuit (ECF No. 132) ("Producers' Advisory in Support of Direct Appeal"). Producers' Advisory in Support of Direct Appeal asserts that certain questions of law discussed in the Summary Judgment Rulings meet the standards for direct appeal under 28 U.S.C. § 158(b). Producers' Advisory in Support of Direct Appeal apparently "supports" certification but does not request certification. On April 16, 2019, Agent filed Agent's Memorandum of Law Regarding Timing of Certification of Direct Appeal (ECF No. 133) ("Agent's Memorandum on Certification"). Agent's Memorandum on Certification contends that the Summary Judgment Rulings do not constitute a final, appealable judgment because they do not dispose of all claims brought in the adversary proceeding. Agent contends that certification would be premature under § 158(a) because the District Court has not granted Producers' Motion for Leave to Appeal. As such, Agent does not support a certification for direct appeal. On April 16, 2019, debtor First River Energy, LLC ("Debtor" or "First River") filed Debtor's Statement Regarding Timing of Certification of Direct Appeal (ECF No. 134) ("Debtor's Statement"). Debtor's Statement concurred with the Court's position that April 21, 2019 is the deadline for the Court to certify the appeal.[5]

---

[5] April 21, 2019 is a Sunday. Under Rule 9006, the Court's deadline to certify the appeal is Monday, April 22, 2019.

## JURISDICTION AND CERTIFICATION OF INTERLOCUTORY ORDERS FOR DIRECT APPEAL TO THE CIRCUIT COURT OF APPEALS

**A. Jurisdiction**

Under Rule 8006(e), a court may *sua sponte* certify a direct appeal to the court of appeals on its own motion set forth in a separate document. To properly certify a direct appeal, a court must serve its certification, along with an opinion or memorandum that contains the information required by Rule 8006(f)(2)(A)–(D), on the parties to the appeal in the manner required by Rule 8003(c)(1).

For a court to have jurisdiction to certify a direct appeal, the matter must be "pending" in that court. Fed. R. Bankr. P. 8006(d). For the purposes of Rule 8006, "a matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 of the first notice of appeal from the judgment, order, or decree for which direct review is sought." Fed. R. Bankr. P. 8006(B). "A matter is pending in the district court . . . thereafter." *Id*.

In the present case, Producers filed their Notice of Appeal and Motion for Leave to Appeal on March 21, 2019, and both documents were docketed on March 21, 2019. (ECF Nos. 118, 119). The matters at issue in the appeal remain pending in the bankruptcy court for thirty days after March 21, 2019. Fed. R. Bankr. P. 8006(b). Here, the thirtieth day is Saturday, April 20, 2019. Under Rule 9006, if a time period specified in the Federal Rules of Bankruptcy Procedure is stated in days, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." As such, for the purpose of retaining jurisdiction under Rule 8006(b), the Court finds that this matter is "pending" in the bankruptcy court through Monday, April 22, 2019.

**B. Certification of Interlocutory Orders for Direct Appeal to the Circuit Court of Appeals**

Under Rule 8006(a), a certification of a bankruptcy court order for direct review in a court

5

of appeals under § 158(d)(2) is effective when: "(1) the certification has been filed; (2) a timely appeal has been taken under Rule 8003 or 8004; and (3) the notice of appeal has become effective under Rule 8002." Rule 8004(a), which explains how to appeal an interlocutory order of a bankruptcy court filed under § 158(a)(3), requires that the party appealing file a notice of appeal and a motion for leave to appeal with the bankruptcy clerk. Under § 158(a)(3), district courts have jurisdiction to hear appeals of interlocutory orders with leave of court.

The Court agrees with Agent that the Summary Judgment Rulings did not dispose of all claims brought in the adversary proceeding. Therefore, the Summary Judgment Rulings constitute an interlocutory order. Pursuant to Rule 8004, a party may request leave to appeal an interlocutory order of a bankruptcy court by filing a notice of appeal and a motion for leave to appeal with the bankruptcy court. Under § 158(d)(2), courts of appeals are granted "jurisdiction of appeals described in the first sentence of subsection (a) [of section 158], which covers appeals from both final and interlocutory orders." 10 Collier on Bankruptcy ¶ 8004.11 (16th ed. 2019). If the bankruptcy court certifies a direct appeal of an interlocutory order entered by that court, and the circuit court of appeals authorizes the direct appeal, then the requirement to receive leave to appeal an interlocutory order provided under § 158(a)(3) is satisfied. *Id.* (citing Fed. R. Bankr. P. 8004(e)).

Agent's Memorandum on Certification asserts that there is "no appealable order to certify for direct appeal because the district court has not yet ruled on the motion for leave to appeal." (*Agent's Memorandum on Certification*, ECF No. 133). Producers complied with Rule 8004, timely filing their Notice of Appeal and Motion for Leave to Appeal with the bankruptcy court on March 21, 2019. (ECF Nos. 118, 119). As such, this Court finds that if the Fifth Circuit authorizes this Court's certification for direct appeal, then the leave requirement for appeal of an interlocutory order described under 28 U.S.C. § 158(a)(3) is satisfied.

### INFORMATION REQUIRED BY FED. R. BANKR. P. 8006(F)(2)(A)–(D)

Rule 8006(e)(1), which allows a court to certify a direct appeal on its own motion, requires this Court to include the information required by Rule 8006(f)(2)(A)–(D). This information includes the facts necessary to understand the question presented on appeal, the question presented on appeal, the relief sought, and the reasons for the direct appeal as discussed in 28 U.S.C. § 158(d)(2)(A)(i)–(iii).

**A. The Facts Necessary to Understand the Question Presented (Rule 8006(f)(2)(A))**

On January 12, 2018, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pre-petition, Debtor provided midstream transportation services to the oil and gas industry across the United States. Debtor purchased and marketed domestic crude oil and condensate directly from upstream producers. After purchasing oil from upstream producers, Debtor re-sold and delivered aggregated oil to third-party downstream purchasers through trucks and pipeline. Debtor entered into pre-petition agreements with Producers ("Producer Agreements") to purchase oil and gas from wells situated in Texas and Oklahoma. The majority of the upstream producers produced oil and gas in the state of Texas (referred to hereinafter as "Texas Producers"). Pursuant to the Producer Agreements, Debtor purchased and took possession of oil and gas purchased in one month and paid for it in the following month.

On July 23, 2015, Debtor entered into a credit agreement, guarantee agreement, and security agreement with Agent. The security agreement granted Agent a continuing security interest in substantially all of Debtor's assets. Agent executed UCC-1 financing statements with the Delaware Department of State on July 23, 2015 that covered "all assets of Debtor, wherever located, whether now owned and existing or hereafter acquired or coming into existence, together with all proceeds thereof." (*Agent's App'x to MSJ*, Pt. 3, ECF No. 90-4).

7

In November and December 2017, Debtor defaulted on making payments due under its credit agreement with Agent. When Debtor filed for bankruptcy on January 12, 2018, Debtor had not paid Producers for oil and gas produced in December 2017. Agent and Producers both assert that they have a first priority, perfected lien on the Debtor's collateral as follows: Debtor's accounts receivable owed from downstream purchasers for oil sold; cash and cash equivalents; financial assets; and inventory. Agent initiated this adversary proceeding as a declaratory judgment action to determine extent, validity, and priority of liens in the collateral.

In its Motion for Summary Judgment, Agent argued that, pursuant to the conflict-of-law provision found in Title 6, Section 9-301 of the Delaware Code, Delaware law applies to determine perfection and priority of security interests in Debtor's goods, inventory, accounts, and proceeds. In response, Texas Producers asserted, in relevant part, that they hold an automatically-perfected purchase money security interest ("PMSI") in oil and gas produced in Texas and sold to Debtor in December 2017, along with proceeds thereof, pursuant to a non-standard provision found in Section 9.343 of the Texas Business and Commerce Code. The Court determined that pursuant to Section 9-301 of the Uniform Commercial Code ("UCC"), which is the same in Delaware and Texas, Delaware law controls as to the priority and perfection of liens on proceeds from sale of oil and gas production from Texas wells.

**B. The Questions Presented on Appeal (Rule 8006(f)(2)(B))**

1. **Does UCC § 9-301, which is the same in Texas and Delaware, dictate that Delaware law governs perfection and priority of liens between Texas Producers and Agent where the personal property at issue is accounts receivable, cash, cash equivalents, and inventory held by Debtor, an LLC organized under the laws of the state of Delaware?**

2. **Does UCC § 9-301, which is the same in Texas and Delaware, dictate that the law of the state where Debtor is incorporated determines perfection and priority of security interests among Agent, a secured lender, and Producers of oil and gas in Texas,**

8

**regardless of the non-standard provision located at Section 9.343 of the Texas Business and Commerce Code?**

Agent argues that because Debtor was organized in Delaware, Delaware law determines perfection and priority. Specifically, Agent cites to Section 9-301 of the UCC ("UCC § 9-301"), which provides "while a debtor is located[6] in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral." Del. Code Ann. tit. 6, § 9-301(1) (West 2019); Tex. Bus. & Com. Code Ann. § 9.301(1) (West 2017). Under Delaware law, a security interest in goods, inventory, accounts, and proceeds arises by filing a UCC-1 financing statement with the Delaware Department of State. Del. Code. Ann. tit., § 9-310(a). Because Agent was the first party to file a UCC-1 financing statement in Delaware on substantially all of Debtor's collateral, Agent asserted, and the Court agreed, that Agent's security interest primes liens asserted by Producers.

Producers argue that they have an automatically-arising PMSI in Debtor's oil, gas, and proceeds thereof for oil produced in Texas that arises under a non-standard provision of Texas's adopted version of the UCC located at Section 9.343 of the Texas Business and Commerce Code ("Texas § 9.343"). Producers contend that their PMSI primes any security interest held by Agent. Section 9.343(a) of the Texas Business and Commerce Code provides a security interest in favor of interest owners, as secured parties, to secure the obligations of the first purchaser of oil and gas production, as debtor, to pay the purchase price. Producers contend that Texas § 9.343 determines perfection and priority of liens for oil produced in Texas, not UCC § 9-301.

---

[6] The location of a registered organization is defined in UCC § 9-307(e), which states, "a registered organization that is organized under the law of the state is located in that state." Del. Code Ann. tit. 6, § 9-307(e); Tex. Bus. & Com. Code Ann. § 9.307(e).

C.  **The Relief Sought (Rule 8006(f)(2)(C))**

Producers seek the District Court's determination that this Court erred in determining that Delaware law (and the Delaware UCC) governed the perfection and priority of liens between the Producers and Agent. (ECF No. 123). Producers also seek the District Court's determination that this Court erred in determining that Texas § 9.343 does not provide a lien to the Producers that is superior to that of Agent. (*Id.*)

D.  **Reasons Why Direct Appeal Should Be Allowed, Including Circumstances Specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii)**

This Court may authorize a direct appeal to the Fifth Circuit if it certifies that:

(i)   the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii)  the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree. 28 U.SC. § 158(d)(2)(A)(i)–(iii). "If any of the four conditions precedent are met, the bankruptcy court *shall* make the certification per § 158(d)(2)(B)(ii)." ***In re Adkins***, 517 B.R. 698, 699 (Bankr. N.D. Tex. 2014).

Pursuant to § 158(d)(2)(A)(i), the first issue is whether this Court's Summary Judgment Rulings involve a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or whether the order involves a matter of public importance. First, this Court certifies that the questions presented on appeal are questions of law to which there is there is no controlling decision of the Fifth Circuit or the United States

Supreme Court.[7] Second, resolution of the legal issues presented is of public importance. In its Summary Judgment Rulings, the Court determined that UCC § 9-301, which deals with conflicts of law, required the Court to apply Delaware law, not Texas law, to determine perfection and priority of liens among Agent and Texas Producers because the Debtor is an LLC organized under Delaware law. The Fifth Circuit's determination of whether the choice of law provision in UCC § 9-301 trumps Texas § 9.343 is a matter of public importance for the Texas Producers in this case, and for producers of oil and gas in Texas generally, particularly in circumstances where Texas producers provide oil and gas to debtors that are organized outside of Texas.

The next issue under § 158(d)(2)(A)(ii) is whether this case involves resolution of conflicting decisions. Here, there are no conflicting decisions. As such, this subsection does not justify certification.

The final issue under § 158(d)(2)(iii) is whether an immediate appeal would materially advance the process of the case. An immediate appeal would advance the outcome of Debtor's bankruptcy case. In its bankruptcy case, Debtor has a defined set of assets that are eligible for distribution among creditors. The adversary proceeding here between Agent and Producers serves as a declaratory judgment action to determine extent, validity, and priority of liens in substantially all of those assets. Determination of the questions of law posed in this Memorandum Opinion will provide Debtor with the finality necessary to ascertain whether Agent or Texas Producers have a perfected, first priority lien on Debtor's assets.

### COPIES OF ORDER AND MEMORANDA

Attached as "Exhibit A" is the Court's Memorandum Opinion Granting, In Part and

---

[7] The United States Bankruptcy Court for the District of Delaware analyzed similar issues of law in *Arrow Oil & Gas, Inc. v. SemCrude, L.P. (In re SemCrude, L.P.)*, 407 B.R. 112 (Bankr. D. Del. 2009). Although this Court performed an independent analysis and did not rely on *SemCrude* to determine the relevant questions of law in its Summary Judgment Rulings, Producers contend that the Court's Summary Judgment Rulings rely improperly on *SemCrude*.

Denying, In Part Agent's Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment (ECF No. 114).

Attached as "Exhibit B" is the Court's Order Granting, In Part and Denying, In Part Agent's Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment (ECF No. 113).

Attached as "Exhibit C" is Producers' Notice of Appeal (ECF No. 119).

Attached as "Exhibit D" is Producer Group Defendants' Motion for Leave to Appeal (ECF No. 120).

## SEPARATE CERTIFICATION

As required by Rule 8006(f)(5), a separate document contains this Court's certification. Service on the parties under Rule 8003(c)(1) will occur upon entry of the certification and this Memorandum Opinion on the docket.

# # #